## Magaw *against* Clark.

If a writ issue against two, and be served upon one only, and an alias writ subsequently issue, which is served upon both, this is for all purposes a new action and not a continuance of the first, so as to avoid the operation of the statute of limitations.

ERROR to the common pleas of *Crawford* county.

William Magaw & Co. against William Clark and Daniel Shryock, surviving partners of Samuel B. Magaw, deceased.

This was an action of *assumpsit* for goods, &c., sold the defendants, before the 1st of January 1825, originally brought to February term 1825, No. 33. The summons was served on Shryock only; Clark, having at that time or soon after removed out of the county. In 1830, on the return of Clark, an alias summons was issued and served on both, on the 16th of February 1830, viz. No. 2 of April term 1830, and narr, filed against both, on the 2d of February 1831. On the 8th of February 1831, a *non pros.* was entered in the original suit, No. 33 of February term 1825, by direction of the attorney, without any rule to declare or motion in court, until after the *non pros.* was entered. To the declaration filed in the *alias* No. 2, April 1830, the defendant pleaded *non assumpsit* and *non assumpsit infra sex annos*, and *actio non accrevit*, &c.

To this the plaintiff replied, that he did assume, that a prior writ had issued to February term 1825, No. 33, and that the action accrued within six years before that time. The defendant rejoined, that the action did not accrue within six years prior to the issuing of said writ, and also demurred to the replication, that a writ issued, &c.

On the 14th of October 1833, the court gave judgment on the demurrer for the defendant, being of opinion, that the suit No. 2, of April 1830, was not entitled to be considered a continuance of the suit No. 33, of February term 1825.

On the same day, a motion was made by the plaintiff, for leave to entitle the declaration filed in this case, as of February term 1825, No. 33, and to amend it as a declaration against Shryock only on affidavit, that it was intended and believed, to be a continuance of the original suit against Shryock, and was for the same action, and also to strike off the *non pros.*

On this the court endorsed, " October 15, 1833, the motion to strike off the *non pros.* in No. 33, of February term 1825, being now refused, it supersedes the within, and the foregoing motion was also refused."

To which opinions of the court in giving judgment on the de-

[Magaw. v. Clark.]

murrer, and refusing to take off the *non pros.*, and to permit the declaration to be filed as requested, this writ of error is taken.

*Riddle*, for plaintiff in error, cited 1 *Tidd's Prac.* 430, 431; 8 *Serg. & Rawle* 380; 3 *Chit. Pl.* 1161; 2 *Chit. Pl.* 707.

*Derrickson*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—The decision of the court below on the defendant's demurrer, seems to have been right. To save the bar of the statute of limitations, the plaintiff may reply a writ issued within six years, but he must show, that it has been continued down to the time of declaring. These continuances are mere matters of form, and may be entered at any time, 1 *Dall.*    ; 2 *Dall.* 378; 8 *Serg. & Rawle* 380; 5 *Rawle* 254; 2 *Salk.* 240, provided there be a ground laid for entering them by having a return of the first writ. But it must appear, that the court has, from time to time, kept the original suit alive, and that the plaintiff is proceeding to bring the defendant into court on the suit originally commenced. 3 *T. R.* 662. And it is a fatal fault, that the plaintiff does not show that the original writ was returned; for if the plaintiff shows a writ and does not return it, or have a return endorsed, this will not avoid the statute of limitations. 2 *L. R.* 432, 883; 7 *Mod.* 3; 2 *Salk.* 420, 421; Harris *v.* Woolford, 6 *T. R.* 617; 2 *Saund.* 63, *note* 6; 2 *Bos. & Pull.* 157. Here the first writ was not fully returned. It was returned served as to Shryock, but nothing said as to Clark, whether served or not.

If there had been, as to Clark, a return of *non est inventus*, the last writ, in order to continue the suit, should have been against Clark alone. Being against both, and served on both, it must be considered as a new proceeding. The former service on Shryock is not continued; he is served a second time, and the plaintiff's declaration is filed in the second suit. Where the original writ is against more than one, and the service on one only, it is, perhaps, difficult under our practice, so to proceed as to keep the suit alive against both. In the United States *v.* Parker et al. 2 *Dall.* 378, it is said by IREDELL, J. that the practice of Pennsylvania goes no farther, than to give the plaintiff an option, either to suspend his proceeding till the nonappearing defendant can be arrested, or to waive, on filing a declaration, all chance against him, and enforce the suit only against the defendant, who is taken on the *capias;* and that the plaintiff could not avail himself of another *capias* against the nonarrested defendant alone, without discontinuing the first. This, however, is not decided in that case; it went off on another point. Possibly the suit might be continued, if the plaintiff were not forced by the defendant to proceed: but then the subsequent writ should be only served on the defendant not already served, as

VI.—3 R

appears to have been the case in the United States *v.* Parker. If served on both, after a former service on one, it seems to be, to all intents and purposes, a new action, and not a continuance of the old one.

Judgment affirmed.