# O'Neill's Estate.

*Statute of limitations—Summons—Alias writ—Continuance.*

Where an original writ of summons is issued, but not served, and an alias writ is not issued until more than seven years after the issuance of the original writ, the claim is barred by the statute of limitations. In such a case the plaintiff would be barred by laches, even if in strictness the statute of limitations was not a bar.

Argued Oct. 12, 1905. Appeal, No. 78, Oct. T., 1905, by Peter H. Corr, from decree of O. C. Phila. Co., Jan. T., 1904, No. 544, sustaining exceptions to adjudication in estate of Hugh A. O'Neill, deceased. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to adjudication.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree sustaining the exceptions.

*Thomas O. Pierce* and *Sidney E. Smith,* for appellant.—To " commence " a suit must certainly be to take the initial step, and if a plaintiff do this it is contended that he effectually tolls the statute of limitations whether service be obtained or not: Dexter v. Billings, 110 Pa. 135; Bell's Appeal, 115 Pa. 88; Everett v. Insurance Company, 142 Pa. 322; Miskey v. Miskey, 11 Atl. Repr. 881; Flanegan v. Negley, 3 S. & R. 498.

It is submitted that if the statute of limitations is once tolled with regard to a claim by the proper bringing of suit to recover, nothing can operate to revive it and cause it to run anew; therefore, the issuing of the summons being the commencement of the suit, if such suit be properly brought in time to toll the statute, and the first writ of plaintiff is insufficient to bring defendant into court, any other writs issued for the purpose are related to and a continuation of the original summons; and the statute does not commence to run again with regard to the subject-matter of such suit, and cannot be pleaded as a bar to the further maintenance of the suit: Mc-

Clurg v. Fryer, 15 Pa. 293; Hillborn's Est., 18 Pa. C. C. Rep. 219; Schlosser v. Lesher, 1 Dall. 411; Caldwell v. Heitshu, 9 W. & S. 51; Magaw v. Clark, 6 Watts, 528; Bickel's Appeal, 86 Pa. 204; Keyser's Appeal, 124 Pa. 80; York's Appeal, 110 Pa. 69; Bank v. Rainey, 1 Watts, 26; Wallace's Estate, 18 Phila. 93; Wann v. Pattengale, 14 Pa. 313; Bell's App., 115 Pa. 88; Schmidt v. Heimberger, 21 Pa. C. C. Rep. 564; Malone v. Haman, 5 W. N. C. 447; Fitzpatrick v. Riley, 163 Pa. 65; Biddle v. Bank, 109 Pa. 349; Ward v. Patterson, 46 Pa. 372; Huffman v. Stiger, 1 Pitts. 185; Ontario Bank v. Rathbun, 19 Wend. 291; Chicago, etc., Ry. Co. v. Jenkins, 103 Ill. 588; Exchange Bank v. Hall, 6 W. Va. 447.

*J. Washington Logue*, with him *J. Gordon Bromley* and *Geo. Douglas Hays*, for appellee.—Appellant by failing to issue an alias summons within six years from the date of the issuance of the original caused the bar of the statute of limitations to operate against his claim, and the statute was not tolled by serving the decedent within the six years with a copy of the statement of claim : York's App., 110 Pa. 69; Keyser's App., 124 Pa. 80; Curcier's Est., 28 Pa. 261; Logan v. Green, 1 Pitts. 43; Cooper v. Reynolds, 77 U. S. 308.

OPINION BY MORRISON, J., November 20, 1905:

May 28, 1896, Peter H. Corr, appellant, caused a writ of summons to issue out of court of common pleas No. 1, of Philadelphia county, as of No. 231, June Term, 1896, against Hugh A. O'Neill and one John J. McCloskey, trading as H. A. O'Neill & Company, to recover money due on promissory notes and for money lent in 1895. This summons was served on McCloskey, but returned as to O'Neill, nihil habet. On June 12, 1896, a copy of the plaintiff's statement of claim was served on O'Neill, and an affidavit of service is filed of record. Nothing further was done until March 27, 1903, when an alias summons was issued and served upon O'Neill. On April 25, 1903, O'Neill filed an affidavit of defense, setting up the statute of limitations. O'Neill died August 3, 1903, and his estate was called for audit November 11, 1904. Shortly before the audit counsel for the appellant and for the executrix agreed by writing filed that the claim should be presented to the orphans'

court at the audit, under the same conditions, as to payment of it, as if the appellant had taken a rule for judgment for want of a sufficient affidavit of defense in court of common pleas, No. 1. Upon audit of the estate, HANNA, P. J., holding that the statute did not bar the claim, allowed it. Exceptions were filed by creditors and were dismissed in an opinion by PEN-ROSE, J., filed December 31, 1904. A petition for reargument was allowed January 21, 1905, and on March 4, 1905, in an opinion by ASHMAN, J., the decree of December 31, 1904, was reversed and appellant's claim dismissed.

The right to plead the statute, which has been declared to be a privilege personal to the debtor, passes to his executor, and in Kittera's Estate, 17 Pa. 416, it was held to extend to his creditors in proceedings in the orphans' court. The sole question for decision is, therefore, whether the alias writ in this case was a continuance of the original action and thereby tolled the statute. The cases which hold that an alias writ, duly issued in time, has this effect are numerous, and the principle is conceded, so that it hardly seems necessary to cite cases. The contention here is that the alias writ was not issued for nearly seven years after the issuing of the original writ, and for this reason it is urged that the statute of limitations was not tolled. Some of the cases which hold that an alias writ continues the original action are the following: Schlosser v. Lesher, 1 Dallas, 411 ; that case is, at most, only authority to the effect that an alias continues the original suit, if issued within six years. In Lynn v. M'Millen, 3 P. & W. 170, an alias was held a continuation of the original suit, but it was issued promptly within the same year. In Jones v. Orum, 5 Rawle, 248, the suit was begun by a capias, and ten years thereafter plaintiff entered a rule of reference and no step taken by him during that period to continue the action, and obtained an award against all of the defendants. In reversing the judgment on this award the Supreme Court (p. 253), said : " If this were so, it would certainly present an extraordinary state of things in the management of suits. A writ might be taken out and never served, and the plaintiff lie by nearly double the period imposed by the statute of limitations, and then the plaintiff treat the action as pending and date its existence from the first writ. This would introduce all the

mischiefs the statute of limitations was intended to guard against and expose a party to the necessity of contesting the validity of a claim after more than six years had elapsed, and when his vouchers were lost and witnesses dead. Even where the replication of a writ taken out and continuances since is allowed to avoid the plea of the statute of limitations, no case has gone to the extent of time which had passed in this case."

In McClurg v. Fryer & Anderson, 15 Pa. 293, it was held as stated in the syllabus : " A summons in case on a guaranty in writing, issued above four years after the right of action on the guaranty arose, was returned nihil, and an alias summons was issued above five years from the issuing of the first : Held, that the original and alias were so connected as to prevent the running of the statute of limitations, from the time of the issuing of the original summons." COULTER, J., in delivering the opinion of the court (p. 295), said : " We will not say that the demand might not be barred if the plaintiff delayed six years before issuing his alias. That will be a question not presented here."

In Crucier's Estate, Appeal by the Bank of Pennsylvania, 28 Pa. 261, it is stated in the syllabus of the case as follows : " Commencing an action in which the process is not served will not have the effect of arresting the running of the statute of limitations, unless an alias summons be issued and served within six years thereafter. The orphans' court, or an auditor appointed by such court, in the distribution of the assets of a decedent's estate have the power to determine what is the amount of the debts and to whom they are due. On such distribution one creditor may resist and defeat the claim of another creditor on the ground that it is barred by the statute of limitations." BLACK, C. J. (p. 262), in delivering the opinion of the court said : " But though an alias may be connected with an original writ not served so as to make both a part of the same process, it is not true that the alias can be safely delayed for more than six years after the original was taken out. Such was the opinion of this court as expressed by Judge SERGEANT in Jones v. Orum, 5 Rawle 248, and it was reiterated by Judge COULTER in McClurg v. Fryer, 15 Pa. 293. There is no case in our books that has allowed a suit commenced

in this way to be kept alive by continuances without an alias in less than six years, and there is no modern instance of its being done in England. It is plain, therefore, that the bank has shown nothing which forms a good replication to the plea of the statute. Her claim is clearly barred."

It is true that the alias in that case was not issued for about fifteen years after the original writ, but the Supreme Court held that the plaintiff's claim was barred, and we cannot see any substantial difference under this case whether the alias was sued out in seven years or fifteen years. The learned court says the claim was barred because the alias was not sued out within six years, at least that is the plain meaning of the decision, and this ruling not being questioned or overruled by our Supreme Court, we do not feel at liberty to disregard it.

Trickett on the Law of Limitations, sec. 178, says : " When returned nihil habet, or non est inventus, the action may be continued by the issue of an alias, or after an alias by a pluries writ, or after the quashing of the alias for some irregularity by a second alias. But the alias writ must issue within six years of the issue of the original writ, else it will be considered, so far as the statute of limitations is concerned, as the commencement of the action." In Wood on Limitations (3d ed.), 1901, 687, it is said : " In Pennsylvania the issue of the summons suspends the statute until an alias is taken out and served within six years." See also 2 Troubat and Haly's Practice (ed. 1880), sec. 1630. See also Logan et al. v. Green et al., 1 Pittsburg Reports, 43.

In the present case the alias writ was not sued out until six years and about eight months after the issuing of the original writ. The first writ was never served on O'Neill, and he did not appear to it. In our opinion, the serving of a copy of the plaintiff's statement upon O'Neill, prior to the issuing of the alias writ, cuts no figure in this case whatever. O'Neill was not in court and there was no jurisdiction of his person, and he was under no legal obligation to give the notice of the plaintiff's claim any attention whatever. When he was served with the alias summons he promptly replied by setting up the statute of limitations. Thereafter he died. Now, if we hold that the statute was tolled and that this stale claim can be sustained against his estate, we are encouraging the evil which our

Supreme Court has so often pointed out, of enabling a plaintiff to keep alive a doubtful claim until the defendant's books and vouchers are lost and his witnesses dead, and then issue an alias writ and come into court and sustain his claim.

The contention of the appellant logically amounts to this : A plaintiff may issue a summons on the day before his claim would be barred by the statute, and this writ may not be served and the defendant may never know that it was issued, and yet the plaintiff may in seven, eight, ten or a dozen years thereafter issue his alias writ and continue the original suit and bar the statute of limitations. We cannot adopt this theory of the law without going contrary to the plain intimations and warnings of the Supreme Court in several cases.

In the present case the original writ was not served on O'Neill, and he did not appear to it, and there is not the slightest excuse made for not issuing the alias within six years from the date of the original. We are of the opinion that the decree of the learned court below was right and that it ought to be sustained on the ground of laches, even if in strictness the statute of limitations is not a bar.

The decree is affirmed and the appeal is dismissed at the costs of the appellant.