## Oster v. Brotherhood of Locomotive Firemen and Engineers.

*Unincorporated beneficial associations—Notice of claim required by the by-laws—Waiver of, by payment to wrong party—Effect of suit before time expired—By-laws binding on beneficiary.*

1. Where a certificate of a beneficial association provides that all claims of beneficiaries shall be barred unless notice of such claim shall be given within six months from the time the beneficiary has knowledge of the death of a member, a bill in equity by the beneficiary is defective and will be dismissed where it does not aver such notice.

2. The payment of the benefit by the association to another claimant after the lapse of six months, but before it had knowledge of the plaintiff's claim, is not a waiver of such notice as to the plaintiff.

3. The fact that the plaintiff had brought suit against the association before the expiration of the six months is not evidence that the defendant had knowledge of the claim, where the writ was not served.

4. A widow claiming a death benefit, as a beneficiary named in the certificate, against a beneficial association cannot claim that she is not bound by the constitution and by-laws of the association because she is not a member of it, and is not, therefore, bound to make proof of death within the time called for in the certificate. At most, this would relieve her from making proof in the form required by the constitution, as this is all the certificate requires shall be done according to the constitution.

5. Where a beneficial certificate contains a limitation that an action shall be barred if not brought within six months after final rejection of the claim, and it does not appear when, if ever, the claim was rejected, but it appears that the claimant brought suit in Common Pleas within six months of the death, and *alias* and *pluries* writs subsequent thereto, and proceedings under the *pluries* writ were subsequently dismissed by the Supreme Court without prejudice, a subsequent suit in equity is not barred by the limitation.

6. Where the principal offices of a beneficial association are in Ohio and benefits are presumably paid from there, the laws of Ohio govern.

7. The laws of Ohio require a new action to be commenced within one year from the date on which, in a previous action begun within the time-limit, the judgment for the plaintiff is reversed after the time-limit for cause other than upon the merits.

Demurrer to bill in equity. C. P. Lancaster Co., Equity Docket, No. 6, page 467.

*B. F. Davis*, for plaintiff; *K. L. Shirk* and *John A. Coyle*, for defendant.

HASSLER, J., March 4, 1922.—The following facts are contained in the bill to which this demurrer has been filed:

1. The plaintiff was married to Andrew Anthony Oster on July 24, 1907, and is his lawful widow, he having died on Dec. 26, 1918.

2. The defendant is an unincorporated association, with its offices and principal place of business at Cleveland, Ohio. It is a fraternal beneficial society, operating on the lodge system, organized for the benefit of the members and their wives, widows, children and families.

3. Previous to his death, a beneficial certificate was issued by the defendant association to Andrew Anthony Oster, who was a member of Quaker City Lodge No. 869 of the association. This certificate was in effect at the time of his death. In it, it is provided, *inter alia*, "that in the event of his death, satisfactory proof thereof having been furnished as may be required by the constitution, rules or regulations of said brotherhood, and his claim for any physical injury or bodily ailment, described in said constitution, not having been previously paid, Mrs. Frances Oster, wife, related to him as herein stated, is hereby designated as his beneficiary, and if the aforesaid member shall not have made a later designation of beneficiary, as made and provided in said constitution, the beneficiary named herein shall be entitled to receive

from the beneficial fund of said brotherhood the sum of $3000." The plaintiff says, and we find it as a fact in disposing of this demurrer, that the name "Frances" is "a mistake, or error, perhaps not properly copied in the copy," as the plaintiff was the lawful wife of said Andrew Anthony Oster at the time of his death.

4. It is provided further in the certificate that "All rights of action by the beneficiary upon this certificate shall be absolutely barred unless proof of death, as required by said constitution, shall be made within sixty days from the time that said beneficiary has acquired knowledge of the fact of the death of said member, the said member shall be absolutely barred from maintaining action upon this certificate by reason of any physical injury, unless he make proof of such physical injury, or bodily ailment, as may be required by said constitution, within six months from the time when said physical injury, or bodily ailment, may have occurred. Any action under this certificate, either by the aforesaid member or the beneficiary designated herein, shall be absolutely barred, unless such action shall be commenced in some court of competent jurisdiction within six months from the final rejection of the claim."

5. The plaintiff did not, within sixty days of the time she learned of the death of Andrew Anthony Oster, make proof of his death as required in the certificate.

6. On May 2, 1919, the plaintiff caused to be issued a summons in *assumpsit* against the defendants in the Court of Common Pleas of Lancaster County, of May Term, 1919, No. 34, which was returned *n. e. i.,* and on June 3, 1919, an *alias* summons to June Term, 1919, No. 58, which was also returned *n. e. i.,* and on Jan. 28, 1920, a *pluries* summons to May Term, 1920, No. 51. Service was had of the last writ, an affidavit of defence in lieu of a demurrer was filed, and the case was finally disposed of by the Supreme Court of Pennsylvania on July 1, 1921, affirming the action of the court below in dismissing the proceeding for want of jurisdiction "without prejudice." The first writ was issued within six months of the death of Andrew Anthony Oster, but more than six months, viz., seven months and twenty-five days, elapsed between the issuing of the *alias* and the *pluries* writ.

7. On Aug. 4, 1919, the general secretary of the defendant association notified the secretary of the Quaker City Lodge of the association that it had on that day paid the amount due on the certificate of Andrew Anthony Oster to Frances Klinger. The letter is as follows:

"Dear Sir and Brother: This is to advise you that we have to-day made payment of the claim of our late brother Anthony Oster, of your lodge, check in payment of same having been forwarded to Lewis J. Parmer, attorney for Frances Klinger. Fraternally yours, A. H. Haldy, General Secretary and Treasurer."

Nine causes of demurrer are assigned by the defendant. The first, second, third, fourth, fifth and ninth are general, or refer to matters covered by others, and do not require more consideration than to say that, in our opinion, they are without merit. The sixth requires no further consideration than to say that it does not appear in the bill and copy of the certificate that the amount mentioned was to be paid to a party other than the plaintiff. It is true that the Christian name of the wife mentioned in the certificate is different from that of the plaintiff, but in her bill she alleges, and we are bound here to take her allegation as true, that this difference in name is a mistake or error. This brings us to consideration of the seventh and eighth causes, which raise what to us seem the important questions to be disposed of.

We will consider the eighth cause of demurrer first. It is as follows: "The plaintiff's bill, or complaint, avers a cause of action on a beneficiary

2 D. & C.

certificate of a fraternal association, without any averment that notice has been given to the association of plaintiff's claim, nor any averment that claim has been made to the association and rejected by the defendants." In the certificate it is provided that all right of action by the beneficiary shall be absolutely barred, unless proof of death, which is notice of such beneficiary claim, shall be made within sixty days from the time the beneficiary has acquired knowledge of the fact of the death of said member. This a condition precedent to her right to recover. The plaintiff concedes that she cannot recover unless the association has in some way waived its right to require the proof of death within the time specified. This she alleges in paragraph 10 of her bill was done on Aug. 14, 1919, by paying the amount called for in the certificate to a party other than the plaintiff. We do not think such payment was a waiver of the association's right to require the plaintiff to furnish proof of the death of Andrew Anthony Oster. As she did not give notice of his death, the defendant association had no knowledge that the plaintiff was a claimant against it under the certificate. If it had knowledge that the plaintiff was a claimant, it could have protected itself by payment of the money into court, and have the court decide to which it belonged. It waited until sixty days had passed, and as but one claimant presented the required proof of death, it was justified in assuming that there were no others and in paying the amount called for in the certificate to that claimant. The fact that suit was brought in the Common Pleas Court of Lancaster County two days before the payment was made to Frances Klinger is not evidence that the defendant had knowledge of plaintiff's claim, as contended by her attorney at the argument of this case, for it does not appear that the defendant was ever given notice of, or had knowledge of, that suit, the writ not having been served upon it.

It is contended by plaintiff's attorney that the plaintiff, not being a member of the association, is not bound by its constitution and by-laws. If that is correct, it would not relieve the plaintiff from the requirement in the certificate of making proof of death within the time called for in it, but, at most, would only relieve her from making such proof in the form required by the constitution, as this is all that the certificate requires shall be done, according to the constitution. All provisions of the constitution and by-laws cited by the plaintiff in his brief refer to the duties of the officers of the subordinate lodge, but none relieve the plaintiff from making proof of death, as required in the certificate. Niblack on Beneficial Societies, § 632, relied on by the plaintiff to show that there was a waiver of the requirements of proof of death, does not apply, as it is not alleged by the plaintiff that the defendant association refused to pay on other grounds before the time of making such proofs had expired. We are of the opinion that the plaintiff is not entitled to recover, for the reason that she did not submit proof of the death of her husband within sixty days of her having acquired knowledge of it.

The seventh cause for demurrer is that the plaintiff's bill of complaint avers a cause of action on a beneficial certificate which contains a limitation that an action thereon shall be barred unless commenced in some court of competent jurisdiction within six months from the final rejection of the claim, which limitation is sufficient to void any cause of action of the plaintiff in this suit.

It does not appear in the bill when, if at any time, the claim of plaintiff was rejected by the defendant association. This action was commenced nearly three years after the death of Andrew Anthony Oster, her husband, to whom the certificate was issued. If the plaintiff's claim was rejected at

or about the time of his death, and nothing else had been done, it is unquestionably too late; but it appears in the bill that she brought suit on the law side of this court within six months of his death, and upon return of the writ *n. e. i.*, she issued an *alias* and subsequently a *pluries* writ. This prevented the limitation of six months from being a bar to her claim, even though it was rejected at the time of his death: Magaw *v.* Clark, 6 Watts, 528; Schlosser *v.* Lesher, 1 Dallas, 411; Allen *v.* Liggett, 81 Pa. 486. The proceeding on the *pluries* writ was dismissed without prejudice by the Supreme Court for want of jurisdiction on July 1, 1921.

The principal office of the defendant association is in Ohio, and as the money presumably was to have been paid there, the construction of the certificate is governed by the laws of that state. Section 4991 of the Ohio Civil Code of Procedure of 1887, by Whittaker, which is cited by defendant's attorney, is as follows: "If, in an action commenced in due time, a judgment for the plaintiff is reversed, or the plaintiff fail otherwise than upon the merits, and the time-limit for the commencement of such action has at the date of such reversal or failure expired, the plaintiff or, if he die and the cause of action survives, his representatives may commence a new action within one year after such date, and this provision shall apply to any claim asserted in any pleading by a defendant." This proceeding was commenced within a year from the date on which the other action was dismissed by the Supreme Court of Pennsylvania for want of jurisdiction, and it was commenced in time. We are, therefore, of the opinion that there is no merit in this cause of demurrer.

We sustain the demurrer for the eighth cause and dismiss the plaintiff's bill.

From George Ross Eshleman, Lancaster, Pa.