## Pennsylvania Company for Insurances on Lives and Granting Annuities v. Harrison et al., Appellants.

Argued April 20, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Samuel J. Gottesfeld,* with him *Sigmund H. Steinberg,* of *Blanc and Steinberg,* for appellants.

*Joseph W. Henderson,* with him *George M. Brodhead, Jr.,* and *Rawle & Henderson,* for appellee.

OPINION BY MR. JUSTICE LINN, May 22, 1944:

Defendants appeal from an order refusing to strike off the service on them of plaintiff's petition to fix the fair value of property sold in mortgage foreclosure; they challenge the jurisdiction of the court on the ground that the notice of the time fixed for hearing was not given in accord with the Deficiency Judgment Act of July 16, 1941, P. L. 400, 12 PS section 2621.1.

Judgment by confession was entered November 6, 1940, on their bond and damages were assessed at $16,-366.80. In execution, the sheriff sold the property to the plaintiff for $100, delivering his deed December 16, 1940. On January 15, 1942, which was within six months of the approval of the Deficiency Judgment Act, plaintiff filed the petition to fix the fair value pursuant to the Act. On the same day, on motion of plaintiff's attorney, the

court fixed April 21, 1942, for the hearing and ordered a copy of the petition to be served on the defendants in the manner set forth in sections 4(a) and 4(b) of the Act or by publication pursuant to section 4(c). At that time the validity of the act was in litigation in a proceeding not terminated until December 4, 1942, when the act was held constitutional: *Penna. Co. v. Scott,* 346 Pa. 13, 29 A.2d 328. At plaintiff's request, the court continued the hearing, which had been set for April 21, 1942, until the constitutional question was decided. After that, the clerk of the court, at plaintiff's direction, and in accord with established practice, placed the case on the hearing list for September 21, 1943. A copy of the petition to fix the fair value, with notice of the hearing to be held September 21st, were served on one of the defendants on June 16th and on the other on June 17th, 1943. They answered and moved to dismiss, June 24, 1943, and on January 11, 1944, moved to strike off the service for want of jurisdiction over them.

The court below, in an opinion written by the learned President Judge, held that the continuance of the hearing set for April 21, 1942, was a proper exercise of the court's discretion; that the clerk's action in placing the case on the list for hearing on September 21, 1943, pursuant to the præcipe of counsel, was in accord with the practice of the court and that there was no basis for defendants' contention that the court had not fixed a time for the hearing required by the statute.

Defendant appellants now complain that the order fixing April 21, 1942, should have been served at least 15 days before that date and that, as it was not, the statute was not complied with and jurisdiction was not acquired.

Section 4 provides that the petition may be served by the sheriff (a) by handing a copy to defendant in person; (b) by leaving a copy at his residence with an adult member of his family. The sheriff's return in this case showed that such returns were made. Section 4(c) goes

on to provide that if such service cannot be made, the court may direct publication. Section 4 contains a provision that "Any debtor, obligor, guarantor, mortgagor, and any other person, directly or indirectly, liable to the petitioner for the payment of the debt, and any owner or owners of the property affected thereby who is not named in said petition nor served with a copy thereof or notice of the filing thereof as provided in this section shall be deemed to be discharged from all personal liability to the petitioner on the debt, interest and costs, but any such failure to name such person in said petition or to serve the petition or notice of the filing thereof shall not prevent proceedings against respondent or respondents named and served." Section 5 requires the return of service to set forth particularly the time, place and manner thereof and that it be filed before the time fixed for hearing. That was done. It also provides: "No hearing shall be had until the court shall be satisfied that service has been made upon all the respondents in any of the methods herein provided." That provision vests discretion in the court.

The record shows defendants in court by judgment confessed by their authority; that plaintiff caused certain property to be sold in execution on the judgment and that only $100 was realized at the sale. After the sale, as the law then was, defendants remained liable for the balance of their judgment debt. Thereafter, in the regulation of executions against real estate, the legislature passed the Deficiency Judgment Act of July 16, 1941, P.L. 400, 12 PS section 2621.1, which, in section 7, provided that if a plaintiff desires to hold a defendant for anything more than was realized at the sheriff's sale, he must, within six months, file a petition to have the fair value fixed and credited on the judgment debt, and "That, if the sale occurred prior to the effective date of this act [as in the case disclosed by this record] the plaintiff shall file such petition within six months after the effec-

tive date of this act." The act therefore is a regulation of the execution process, affording a judgment creditor the right to elect whether to accept the amount realized at the sale in discharge of the obligation or to elect to have the court, by fixing the fair value of the property, proceed to establish the amount for which further execution might be issued if property could be found.

The argument of the appellant defendants seems to be that the filing of the petition constitutes the bringing of a new suit, and that service of the petition must be governed by rules that have been established with respect to service in original actions; that taking out a writ and not proceeding with diligence to have it served is nugatory: cf. *Magaw v. Clark*, 6 Watts 528; *Johns' Estate*, 253 Pa. 532, 98 A. 719; *Jones v. Orum*, 5 Rawle 249; *O'Neill's Estate*, 29 Pa. Superior Ct. 415.

We must reject the argument. The petition, provided for by the Act, is not the beginning of a new suit in any sense, but is in aid of the execution. The Act enlarges a theretofore existing power, which had been exercised on equitable principles, to set aside or otherwise control, sales for inadequacy of price, fraud or like equitable considerations: compare cases cited in the concurring opinion of KEPHART, C. J., in *Beaver Co. B. & L. v. Winowich*, 323 Pa. 483, at p. 514, 187 A. 481, 495.

The important provision, satisfying the requirement of due process, is that the defendants must have notice of the hearing within the specified time; in that respect the statute was fully complied with.

The appeal from the refusal to dismiss the petition fails for the same reason.

Orders affirmed.