## McCaffrey et al. v. Dowell

*John P. Butt,* for plaintiffs.

*Keith, Bigham & Markley,* for defendant.

SHEELY, P. J., October 20, 1945.—The question presented by the stipulation of counsel in this case is whether plaintiffs' action in trespass is barred by the statute of limitations where, within one year of the date of the accident giving rise to the cause of action, plaintiffs instituted an action against defendant but the writ of summons was not served, or any return made thereto, or any appearance entered for defendant, and the alias writ of summons was not issued and served until two years and five months from the date of the accident. The parties have agreed to the facts and

have agreed that if the answer to the question is affirmative, judgment shall be entered for defendant; if negative, defendant shall be given leave to file an affidavit of defense to plaintiffs' claim.

Under the Act of June 24, 1895, P. L. 236, 12 PS §34, the present action was required to be brought within two years from the time when the injury was done. If the alias summons was a continuation of the original suit, which was brought within the two-year period, plaintiffs must prevail; if it was the institution of a new action it was too late, and defendant must prevail.

Ordinarily where a summons is issued and returned nihil habet, or non est inventus, and thereafter an alias summons is issued and served, it is held that the second writ is so connected and linked with the first as to be a continuation or reiteration of the original, and so indissolubly connected as to be one, and that, so far as the statute is concerned, it stops running from the institution of the first process: McClurg v. Fryer & Anderson, 15 Pa. 293 (1850). But if the first summons is abandoned in any way, the second summons is not a continuation of the first but is the institution of a new action, and if this occurs more than two years after the cause of action arose, it is barred by the Statute of Limitations. In Bovaird & Seyfang Manf. Co. v. Ferguson, 215 Pa. 235 (1906), the Supreme Court approved the following language from Trickett's Pennsylvania Law of Limitations 227, at page 237:

"The action begins, not with the date of the præcipe, but with the issue of the summons or capias. Its commencement is not postponed to the time when service of the writ is effected. Nor is it necessary that the writ whose issuance is the beginning of the action should be served at all. But it must be returned non est inventus or nihil habet, or otherwise; if not so returned it will be considered abandoned . . ."

To the same effect is Magaw v. Clark, 6 Watts 528 (1837), where Mr. Justice Sergeant said (p. 529):

"To save the bar of the Statute of Limitations, the plaintiff may reply a writ issued within six years, but he must show that it has been continued down to the time of declaring. These continuances are mere matters of form, and may be entered at any time . . . provided there be a ground laid for entering them by having a return of the first writ. But it must appear, that the court has, from time to time, kept the original suit alive, and that the plaintiff is proceeding to bring the defendant into court on the suit originally commenced . . . And it is a fatal fault, that the plaintiff does not show that the original writ was returned; for if the plaintiff shows a writ and does not return it, or have a return endorsed, this will not avoid the Statute of Limitations."

The precise question now before the court was decided by Judge Ferris of Luzerne County in Hanks v. Lehigh Valley R. R. Co., 16 Dist. R. 550 (1906), and was considered by Judge Reese of Cumberland County in Werner et al. v. Clingerman, 29 D. & C. 447 (1937), in both of which cases the same result was reached or indicated. See also Mayo v. James Lees & Sons Co., 326 Pa. 341 (1937), where the court said (p. 342):

"A plaintiff, to keep his cause of action alive, must act by causing a summons to issue within the statutory period, and thereafter be vigilant by taking prompt steps to obtain service; he cannot procure the writ and remain inactive indefinitely. Where a writ, which is obtained within the statutory period and delivered to the sheriff for service in due time, is returned *nihil habet* or *non est inventus*, the law considers plaintiff as having been diligent and treats his conduct as tolling the statute."

In the present case plaintiffs do not show any return on the original writ of summons. It must be considered to have been abandoned, and the issuance of the alias

summons was actually the institution of a new action after the expiration of the statutory period. Under the stipulation of counsel, judgment must be entered for the defendant.

And now, October 20, 1945, pursuant to the stipulation of counsel filed in this case it is ordered and decreed that judgment be entered in favor of the defendant and against the plaintiffs.