**PENNSYLVANIA CO. FOR INSURANCES ON LIVES & GRANTING ANNUITIES v. WATT.**

No. 11335.

Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1945.

Rehearing Denied Dec. 13, 1945.

Sam H. Mann, and S. E. Simmons, both of St. Petersburg, Fla., for appellant.

John C. Polhill, of Clearwater, Fla., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Appellant, a Pennsylvania corporation, filed suit in September of 1944 in the United States District Court for the Southern District of Florida against the appellee, a resident of Florida, praying for judgment in the sum of $3,561.71, with interest and costs. Upon motion of appellee a final judgment was entered dismissing the complaint for failure to state a claim upon which relief could be granted. This appeal followed.

Briefly summarized, the complaint alleged: On October 27, 1921, appellee, together with his now deceased wife, executed and delivered to the appellant a bond under seal in the sum of $17,000; provisions for payment of principal, taxes on mortgaged property, attorney's commission, etc., were stipulated. On the same date appellee and his wife executed and delivered to the insurance company a mortgage on certain real estate in Philadelphia, and

on March 22, 1927, by assignment appellant became the owner of the bond and mortgage. Failure to comply with the payment provisions of the bond led to the institution by appellant of foreclosure proceedings in the Court of Common Pleas for Philadelphia County on April 1, 1933, which action resulted in the recovery of a judgment, asserted by appellant to be in rem, against appellee and his wife in the sum of $9,453.46, representing the mortgage debt, interest, and attorney's commission. Shortly thereafter the mortgaged property was purchased by appellant at sheriff's sale for $50. Within six months after the passage of the Pennsylvania Deficiency Judgment Act of 1941, 12 P.S.Pa. § 2621.1 et seq., and pursuant to its provisions, upon petition by appellant, the Court of Common Pleas for Philadelphia County fixed the fair market value of the real estate involved as of June 5, 1933, at $6500, and ordered the appellant before proceeding against the appellee and his wife for collection of the balance due upon the judgment to file in said proceeding a release of the defendants from payment of the judgment and debt to the extent of the fair market value so fixed, less the deductions authorized by statute, leaving a balance due upon the judgment and debt in the amount of $3,561.71, together with 6% interest from June 5, 1933. Collection of this balance with interest constitutes the subject of the present litigation.

The record is silent with respect to the reasons assigned by the court below for dismissing the complaint. We are informed in the briefs, however, that the court was of the opinion that if the complaint was based upon a foreign judgment the cause of action was barred by the seven-year limitation of Section 95.11(2), Florida Statutes Annotated; and if based upon a bond under seal that the plaintiff had no right following foreclosure of the mortgage security to sue appellee for any deficit due on the original debt.

The primary question presented is whether, as contended by appellant, the complaint asserts a cause of action upon an obligation founded upon an instrument of writing under seal. In the event the primary question is resolved in favor of appellant, then a subsidiary question arises, and that is whether appellant is precluded by reason of the foreclosure of the mortgage security from proceeding against appellee for the balance of the debt.

A mortgage in Pennsylvania may be foreclosed either by a writ of scire facias sur mortgage or by entering a judgment on the bond. Under the first method, judgment in rem is entered on the scire facias and the property is sold in execution. Under the second method, judgment in personam is entered on the bond (which is usually accompanied by warrant to confess judgment), and the property is sold in execution of this judgment. If the proceeds of the sale of the property under either method are insufficient to satisfy the mortgage, before proceeding further the fair market value of the property, in the absence of agreement, must be determined by the court and the debtor released and discharged of liability to the extent of the fair market value less certain deductions authorized by statute; the balance remaining may then be collected in appropriate proceedings.

The judgment in foreclosure of the mortgage was entered by the prothonotary under a power contained in the original instruments.[1] It ran against George W. Watt and his wife, the mortgagors, and the Northeast Alumni Building & Loan Association, the owner of the mortgaged property, and was entered "for want of an appearance upon one return nihil habet." Two facts will be observed: First, the judgment was entered "for want of an appearance upon one return nihil habet" (a return made by a sheriff to a scire facias which he has been unable to serve); second, the judgment is against the mortgagors and the owner of the mortgaged property, and is the type generally entered on a writ of scire facias. Such a judgment is a judgment in rem and is for the mortgage debt, interest, and attorney's commission, and therefore will not serve as a basis for proceeding in a foreign jurisdiction.[2] If the judgment be a judgment in

---

[1] Under Pennsylvania law the record of an entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court and has all the qualities of a judgment on a verdict. Kostenbader v. Kuebler, 199 Pa. 246, 48 A. 972, 85 Am.St.Rep. 783; O'Hara v. Manley, 140 Pa.Super. 39, 12 A.2d 820.

[2] Cooper v. Reynolds, 10 Wall. 308, 321, 77 U.S. 308, 19 L.Ed. 931; McQuillen v. Dillon, 2 Cir., 98 F.2d 726; Grable v. Killits, 6 Cir., 282 F. 185.

rem, it is clear that the allegations with reference thereto were embodied in the complaint more for clarification than otherwise, and that the suit is for the balance due on the bond under seal, after crediting thereon the fair market value of the property sold, less the statutory charges incurred. On the other hand, it may be as contended by appellee that the Pennsylvania judgment attached to the complaint is a judgment in personam; if so, the original debt was merged into the judgment, and the complaint necessarily was based thereon. In any event, it was error to hold that the action was barred by Section 95.11 (2) of the Florida Statutes Annotated without evidence to establish beyond doubt that the judgment annexed to the complaint was a judgment in personam.

■ The argument that under the Pennsylvania Deficiency Judgment Act the proceeding following the foreclosure of mortgage security is limited to a suit to collect the balance due on the judgment of foreclosure, and that appellant was without right to recover the balance due on the bond, is based upon language used in the title and in Section 1 of the Act, both of which refer to proceedings to collect the balance due on the "judgment." Other sections of the Act, however, refer to the "debt" or "payment of the debt"; and Section 6, after providing for a determination by the court of the fair market value of the property sold and the release of the debtor from the payment of the debt to the extent of the fair market value less statutory charges, provides: "thereupon petitioner may proceed by appropriate proceedings to collect the balance of the debt." As a judgment in foreclosure of mortgage security in Pennsylvania under scire facias sur mortgage is an in rem judgment, necessarily the proceeding to collect the balance due after releasing the debtor from liability to the extent of the fair market value of the property sold thereunder must be a proceeding based upon the original obligation.[3] The original obligation in this case is the bond under seal, and an action on a bond under seal may be brought under Florida law within twenty years. The bond is dated October 27, 1921, and is payable three years from date. The present suit was commenced on September 27, 1944, hence was in time.[4]

We find it unnecessary to consider the other question presented.

For reasons assigned the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

[3] This procedure was followed in Pennsylvania prior to the passage of the Deficiency Judgment Act, In re White's Estate, 322 Pa. 85, 185 A. 589; and has been followed since the passage of the Act, Fidelity-Philadelphia Trust Co. v. Allen, 343 Pa. 428, 22 A.2d 896. In the Allen case the plaintiff sold the property through scire facias sur mortgage prior to the passage of the Act. After the passage of the Act it brought a personal action on the bond for the deficiency between the amount realized on the sale and the judgment secured in the scire facias action. Neither the defendant nor the court questioned the form of the action. The defense, which was sustained by the court, was based solely upon plaintiff's failure to first establish under the Deficiency Judgment Act the fair market value of the property sold. In Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Harrison, 349 Pa. 632, 37 A.2d 578, the original action was in personam on the bond, but the court indicated that a creditor may proceed in personam after any foreclosure so long as he has met the statutory requirements of establishing the fair market value of the property sold and crediting that amount against the debt. A clear statement of procedure under Pennsylvania law is contained in 90 University of Pennsylvania Law Review, 330, Footnote 5, and is as follows:

"Actually, there is no separate judgment known as a deficiency judgment in Pennsylvania. When the mortgage is foreclosed by a writ of sci. fa. (an in rem proceeding), and the proceeds of the sale are insufficient to pay the debt, an in personam judgment must be obtained on the bond debt or on covenants in the mortgage, etc. This latter is the deficiency judgment. When, however, a judgment on the bond is obtained first, there may be execution on that same judgment until it is satisfied. That part of the judgment still unsatisfied after an execution sale is also known as the deficiency judgment. See 13 Standard Pa.Practice (1939) 603, 606, 674 et seq."

[4] Florida Asphalt Pavement Mfg. Co. v. Federal Reserve Bank of Atlanta, 5 Cir., 76 F.2d 326; Bourne v. State Bank of Orlando, 106 Fla. 46, 142 So. 810.