## Webb et al. v. Link et al.

*Gifford, Graham, MacDonald & Illig*, for plaintiffs.
*Thomas B. O'Connor*, for defendants.

LAUB, J., February 27, 1952.—In this automobile accident case involving personal injuries to plaintiff, original defendant has moved for judgment on the pleadings. Although there may be some question whether such a judgment can be entered where the basis of the request, as it is here, is the passage of the statute of limitations, plaintiff waives the point and urges disposition of the matter on defendant's motion.

Some understanding is necessary of the history of the litigation, and the following anamnesis recites the pertinent circumstances:

1. December 22, 1945. On this date the accident occurred.

2. January 17, 1946. Plaintiffs issued a summons in trespass returnable the first Monday in February 1946.

3. January 21, 1946. Faulty service of process made by mailing same to the Secretary of the Commonwealth and a copy to defendants.

4. January 1, 1947. The new procedural rules of the Supreme Court in trespass cases became effective.

5. January 23, 1947. Plaintiffs entered default judgment against defendant for want of appearance.

6. March 11, 1947. Trial by jury to assess damages.

7. March 25, 1948. Judgment entered on the verdict of the jury in favor of plaintiffs.

8. July 29, 1948. Defendant, by leave of court, appeared d. b. e. and moved to strike off judgment.

9. February 2, 1949. Judgment was stricken from the record by reason of faulty service in original process and for failure to secure leave of court before the entry of judgment as required by Pa. R. C. P. 2082.

10. May 9, 1949. Præcipe filed for reissuance of summons, and summons reissued.

11. May 11, 1949. Reissued summons served by following nonresident motorist rule. Same day answer filed raising question of statute of limitations.

12. June 15, 1950. Defendant's motion for judgment on the pleadings.

Pa. R. C. P. 1010 provides in part as follows:

"(a) The prothonotary, upon præcipe and upon presentation of the writ or the complaint, shall continue its validity by reissuing the writ, or reinstating the complaint, by writing thereon 'reissued', in the case of a writ, or 'reinstated', in the case of a complaint.

"(b) A writ may be reissued or a complaint reinstated at any time and any number of times."

From this it is argued by plaintiffs that the issuance of process within the statutory period tolls the statute and that a subsequent reissuance thereof "continues its validity" as prescribed in subparagraph (*a*) of the rules, supra. Particular stress is laid upon the fact that the lawsuit was alive up until the moment that the court struck off the judgment and that, according to plaintiffs, there was nothing that could be done by plaintiffs in the interim between the original writ and the action of the court.

Defendant, on the other hand, urges that rule 1010, supra, is only a supersedence of the former practice which permitted plaintiffs to issue alias and pluries writs as authorized by the Act of July 9, 1901, P. L. 614, sec. 1, cl. 14, 12 PS §315, but that the case law remains undisturbed. Under former law a plaintiff could breathe life into an action started in time by issuing alias and pluries writs only within the statutory period following the issuance of the former writ. It is defendant's position that plaintiffs, if desirous of keeping the action alive, should have reissued the summons within the statutory period, i.e., two years, following the issuance of the original summons of January 17, 1946. Since the reissuance did not take place until May 9, 1949, more than three years after the original writ, the action expired.

Defendant's conclusions seem supported by the authorities. 2 Anderson Pennsylvania Civil Practice, p. 276, states:

"While the rule [Rule 1010, supra] literally states that the process may be reissued or reinstated at any time, there is an implied limitation of the prior case law on the issuance of alias and pluries writs which will continue to govern."

The limitation thus referred to is adequately stated in Mayo v. James Lees & Sons Company, 326 Pa. 341, 342-43, as follows:

"A plaintiff, to keep his cause of action alive, must act by causing a summons to issue within the statutory period, and thereafter be vigilant by taking prompt steps to obtain service; he cannot procure the writ and remain inactive indefinitely. Where a writ, which is obtained within the statutory period and delivered to the sheriff for service in due time, is returned *nihil habet* or *non est inventus*, the law considers plaintiff as having been diligent and treats his conduct as tolling the statute. Accordingly, the rule has been established by this court that he may have a subsequent writ issued within the statutory period commencing from the impetration of the unserved writ; this will keep the cause of action alive: McClurg vs. Fryer & Anderson, 15 Pa. 293; Bovaird & Seyfang Mfg. Co. vs. Ferguson, 215 Pa. 235. But if the subsequent writ is issued later than the statutory period . . . computed from the impetration of the prior writ, the former is ineffective and the action is barred: Rees vs. Clark, 213 Pa. 617; Prettyman vs. Irwin, 273 Pa. 522."

It could not be said with persuasion that plaintiffs' capture of the words "continues its validity" means that a summons can be issued more than the stated number of years in a statute of limitations following the issuance of the prior writ. In Rees v. Clark, 213 Pa. 617, 620, the Supreme Court said:

"If we have any regard to the principle upon which the statute of limitations is founded, we must hold that it is not sufficient for a plaintiff to bring his action and then remain inactive for an indefinite period. As the legislature has prescribed the term for the commencement of a suit, to bar the statute, we are of the opinion that both reason and authority require that in order to continue the action and prevent the defendant from claiming the protection of the statute, an alias writ should be issued within a like period from the date of the original summons."

We are convinced that under rule 1010 there has been no change of practice concerning limitations; that in order to keep an action alive a plaintiff must reissue his process within the statutory period following the impetration of the original. In application to the present facts that means that plaintiffs were require to reissue their summons before January 17, 1948. No fault lies at the doorstep of defendant in this case because he was entitled to rely upon the invalidity of the service upon him. Plaintiffs could have discovered the fault had they acted in time. Notwithstanding they had obtained a default judgment and had reduced it to a verdict by March 11, 1947, no attempt was made to enter judgment on the verdict for more than a year. Defendant, in the meantime, could do nothing. No money judgment had been entered against him and he had not, in fact, as yet been harmed. Plaintiffs, on the other hand, chose to maintain the integrity of their judgment notwithstanding the fact that they could have detected the invalidity of the service by reasonable inspection and notwithstanding they had not complied with the rules concerning the entry of default judgments. There is no merit in their contention that their hands were tied because the sheriff's return showed service. The rule plainly states that the writ can be reissued at any time. Manifestly, where an invalid service appears on the face of the record a plaintiff is not required to wait until the court strikes off the service or any judgment obtained thereafter before taking steps to correct the error since that would be an absurdity.

And now, to wit, February 27, 1952, the rule heretofore granted on defendant's motion for judgment on the pleadings is made absolute and judgment is entered in favor of defendant Elmer John Link; plaintiffs shall pay the costs of this proceeding.